**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| KENNETH O. MORGAN, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-20-0427 |
| | * | |
| COPPIN STATE UNIVERSITY, *et al.,* | * | |
| | * | |
| Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Kenneth O. Morgan ("Morgan") filed this lawsuit against his former employer, Coppin State University ("Coppin State"), and its President, Maria Thompson (collectively, "Defendants"), in Baltimore City Circuit Court. ECF 2. Defendants removed the case to federal court, ECF 1, and filed a motion to dismiss for failure to state a claim ("motion to dismiss"). ECF 11. After that motion had been fully briefed, ECF 16, 17, Morgan sought to file an Amended Complaint ("motion to amend"), ECF 22, and Defendants opposed the motion to amend on the grounds of futility. ECF 23. Thus, both the motion to dismiss and the motion to amend are now pending and ripe for disposition. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, the motion to amend will be granted, and the motion to dismiss will be denied as moot, without prejudice.

## I.    FACTUAL BACKGROUND

The facts below are derived from the proposed Amended Complaint. ECF 22-1. Morgan, whose degrees include a doctorate in education, became an Assistant Professor/Coordinator of Urban Studies at Coppin State in 2010. *Id.* ¶ 4. After filing an employment discrimination claim, Morgan entered a Mediation Settlement Agreement with Coppin State in February of 2016, under

which, if Morgan did not obtain full tenure, the terminal date of his employment as Assistant Professor would be June 30, 2017. *Id.* ¶ 7. In July of 2017, after his employment was terminated, Morgan applied for a position of Adjunct Professor at Coppin State in the Department of Behavioral and Social Studies, to teach a one semester course in the fall of 2017. *Id.* ¶ 8. On July 30, 2017, the Dean of Behavioral and Social Studies offered Morgan the adjunct position, with the understanding that the course would begin on August 29, 2017. *Id.* ¶ 9. On or about August 25, 2017, Morgan attempted to access the course syllabus online, but could not gain access. *Id.* ¶ 10. Upon investigation, the Interdisciplinary Studies program director advised Morgan that Human Resources ("HR") had told her that he was not allowed to teach the course. *Id.* ¶ 11. HR later told Morgan that he was "not eligible for reemployment with the University as an adjunct. The practice has been effect [sic] for three years." *Id.* ¶ 12.

The alleged practice of declining to hire adjuncts who had failed to obtain tenure as Assistant Professors was not known to Morgan from his prior employment, and was not known to the department head who had offered Morgan the adjunct position. *Id.* ¶¶ 14-15. On or about October 30, 2017, Morgan filed a complaint with the EEOC, alleging that the decision not to hire him constituted wrongful retaliation and age discrimination. *Id.* ¶ 17. The EEOC issued a right to sue letter, and this lawsuit ensued. *Id.* ¶ 19.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be

denied only if "prejudice, bad faith, or futility" is present.  *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (footnote omitted) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012).  Ultimately, the decision to grant leave to amend rests in this Court's discretion.  *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Defendants' contention in this matter is that amendment would be futile.  ECF 19.  As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 Arthur R. Miller et al., Federal Practice and Procedure § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)).  "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alteration in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980)).  Recently, this Court discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion.  *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).  Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave

3

to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion. *See, e.g.*, *Wilson*, 525 F.3d at 376-79 (upholding a district court's denial of leave to amend False Claims Act claims because the plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim – and what really is a breach of contract suit – into some sort of fraudulent inducement action. This [the plaintiffs] simply cannot do."); *Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *Kolb*, 21 F. Supp. 3d at 522 (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

That being said, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit

of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729; *see also Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964).

## III.   ANALYSIS

In their filings relating to the motion to dismiss, and in their opposition to the motion to amend, Defendants raise a series of arguments relating to each of Morgan's four Counts: retaliation, breach of contract, violation of due process and the *Accardi* doctrine, and civil conspiracy. ECF 11, 17, 23. Some of Defendants' contentions may potentially prove meritorious. However, looking just to one example without addressing the merits of each of the arguments, Defendant's position that Morgan's retaliation claim is futile is unpersuasive.

As described above, the standard applied to assess whether a claim is futile is more forgiving than that employed in evaluating a Rule 12(b)(6) motion to dismiss. In the employment discrimination context, even at the Rule 12(b)(6) stage, a plaintiff need not plead a prima facie case under *McDonnell Douglas*. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002) (concluding that "the prima facie case . . . is an evidentiary standard, not a pleading requirement"); *Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017) (explaining a plaintiff "need not plead facts sufficient to establish a prima facie case" for discrimination to meet the pleading standard established in *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*). Citing the requirements for establishing a prima facie case, Defendants suggest that Morgan's retaliation claim is futile because he has not pled facts sufficient to establish a temporal or other causal connection between his 2016 EEOC proceedings and the rescission of his offer to serve as adjunct. ECF 23 at 5-6. That argument fails, because a prima facie case is not required. The question of whether Morgan has stated a plausible claim will turn on an evaluation of the eighteen-month window between the relevant events, and whether any other alleged facts, including but not limited

5

to the lack of mention of the policy in the written manual or the fact that a department head was not aware of the alleged policy, boost Morgan's allegations of retaliatory motive past the plausibility line. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 579 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face."). Ultimately, the alleged failure to plead all facts needed to establish a prima facie case does not render Morgan's retaliation claim "insufficient or frivolous on its face" such that amendment should be disallowed.

Thus, at least one count of Morgan's proposed Amended Complaint is not futile. Even if amendment to other counts of the Complaint could be deemed futile, this Court does not wish to grant in part and deny in part the motion to amend, because doing so would leave the case in a complicated procedural posture. The Court will permit Morgan to file his Amended Complaint and ask Defendants to re-file their arguments in favor of dismissal for this Court's substantive consideration under the Rule 12(b)(6) standard. Though this procedure is somewhat lacking in efficiency, allowing Morgan's Amendment will not prejudice the Defendants and will produce the cleanest record for the parties to proceed.

## IV.    CONCLUSION

For the reasons set forth above, Morgan's Motion seeking Leave to Amend, ECF 22, will be GRANTED, permitting his Amended Complaint to be filed. Defendants can then respond to the Amended Complaint, presumably by re-filing many of the arguments incorporated in their Motion to Dismiss, ECF 11, and their Opposition to the Motion to Amend, ECF 23. The Motion to Dismiss, ECF 11, will therefore be DENIED AS MOOT, without prejudice. A separate Order follows.

Dated:  November 4, 2020

_____/s/_____
Stephanie A. Gallagher
United States District Judge