IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KENNETH O. MORGAN,** | * |
| **Plaintiff** | * |
| v. | *    Civil Case No. SAG-20-0427 |
| **COPPIN STATE UNIVERSITY,** *et al.*, | * |
| **Defendants.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Kenneth O. Morgan ("Morgan") filed this lawsuit against his former employer, Coppin State University ("Coppin State"), and its President, Maria Thompson (collectively, "Defendants"), in Baltimore City Circuit Court. ECF 2. Defendants removed the case to federal court, ECF 1. This Court recently granted Morgan leave to file an Amended Complaint. ECF 25; ECF 26. Defendants have filed a Motion to Dismiss the Amended Complaint ("the Motion"), ECF 27. Morgan filed an opposition, ECF 28 to 29, and a supplemental opposition, ECF 30 to 31, and Defendants filed a reply, ECF 32. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, the motion to dismiss will be granted, although Morgan will be afforded leave to amend his retaliation claim.[1]

**I.    FACTUAL BACKGROUND**

The facts below are derived from the Amended Complaint and are taken as true for purposes of this Motion. *See* ECF 26. Morgan, whose degrees include a doctorate in education, became an Assistant Professor/Coordinator of Urban Studies at Coppin State in 2010. *Id.* ¶ 4.

---

[1] Morgan also filed a Motion for Leave to File a Second Amended Complaint on December 24, 2020, ECF 33, which will be denied without prejudice for the reasons described herein.

1

After filing an employment discrimination claim charging age discrimination under the Age Discrimination in Employment Act ("ADEA"), Morgan entered a Mediation Settlement Agreement with Coppin State in February of 2016, under which, if Morgan did not obtain full tenure, the terminal date of his employment as Assistant Professor would be June 30, 2017. *Id.* ¶ 7. In July of 2017, after his employment was terminated, Morgan applied for a position of Adjunct Professor at Coppin State in the Department of Behavioral and Social Studies, to teach a one semester course in the fall of 2017. *Id.* ¶ 8. On July 30, 2017, the Dean of Behavioral and Social Studies offered Morgan the adjunct position, with the understanding that the course would begin on August 29, 2017. *Id.* ¶ 9. On or about August 25, 2017, Morgan attempted to access the course syllabus online, but could not gain access. *Id.* ¶ 10. Upon investigation, the Interdisciplinary Studies program director advised Morgan that Human Resources ("HR") had told her that he was not allowed to teach the course. *Id.* ¶ 11. HR later told Morgan that he was "not eligible for reemployment with the University as an adjunct. The practice has been effect [sic] for three years." *Id.* ¶ 12. The alleged practice of declining to hire adjuncts who had failed to obtain tenure as Assistant Professors was not known to Morgan from his prior employment and was not known to the department head who had offered Morgan the adjunct position. *Id.* ¶¶ 14, 15. Morgan alleges that, "The asserted 'practice' was in fact a ruse, used as a basis to cancel Plaintiff's employment." *Id.* ¶ 16.

On or about October 30, 2017, Morgan filed a complaint with the EEOC, alleging that the decision to rescind his adjunct offer constituted wrongful retaliation and age discrimination. *Id.* ¶ 17. The EEOC issued a right to sue letter, and this lawsuit ensued. *Id.* ¶ 19.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  But a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2).  *Twombly*, 550 U.S. at 555.  Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (first quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); then quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). But a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

## III. ANALYSIS

### A. Abandoned Claims

Despite three opportunities in total, Morgan has not responded to Defendants' motion to dismiss several of the claims he asserts: his claims against the individual defendant, Thompson,

and his breach of contract and civil conspiracy claims against Coppin State.[2] Those claims are deficient for the reasons outlined in Defendants' motion, among others: Morgan has not alleged any specific factual assertions against Thompson, he had no written employment contract to serve as an adjunct with Coppin State, and he has not alleged the existence of any conspirators, particularly any who were not employees of Coppin State. *See* ECF 27-1. Additionally, however, Morgan's failure to respond to Defendant's arguments, after three opportunities, amounts to abandonment of those claims, creating an independent reason justifying dismissal. *See Mentch v. E. Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (holding plaintiff abandoned her claim by failing to specifically respond to defendant's arguments). Accordingly, all claims against Thompson, and the breach of contract and civil conspiracy claims against Coppin State, will be dismissed.[3]

### B. Retaliation

Coppin State seeks dismissal of Morgan's retaliation claim, arguing that there is no temporal proximity between Morgan's discrimination complaint and the rescission of his adjunct offer. ECF 27-1 at 9-14. While that position is difficult to challenge given the eighteen months that elapsed between the two events, temporal proximity is not required in order to plausibly allege a causal connection. *See Jenkins v. Gaylord Ent. Co.*, 840 F. Supp. 2d 873 (D. Md. 2018) ("[P]laintiffs may state a prima facie case of causation by relying on evidence other than, or in

---

[2] The three opportunities were Morgan's opposition to Defendants' motion to dismiss the original complaint, ECF 16, and then the opposition and supplemental opposition to this motion. ECF 28 to 31.

[3] Dismissal of all of the claims discussed herein will be without prejudice. However, leave to amend is expressly granted, at this juncture, only as to the retaliation claim, which has a flaw that is easily remediable. If Morgan wishes to re-assert any of his other claims, which have more significant legal deficiencies, he must seek this Court's leave to amend in the traditional fashion, attaching his proposed amended complaint to his motion.

addition to, temporal proximity where such evidence is probative of causation."). Here, Morgan has expressly alleged a ruse — that Coppin State falsely asserted the existence of a policy against hiring persons who had been denied tenure to serve as adjuncts. ECF 26 ¶ 16. Morgan has also bolstered his asserted ruse with evidence, namely his contention that the supervisory employee who had extended him the offer to serve as adjunct was unaware of any such policy prohibiting his hiring. *Id.* ¶ 15. Those factual assertions, which must be taken as true for purposes of this Motion, suffice to state a plausible claim of retaliation, with the false basis for the offer's rescission serving both as evidence of causation and evidence of pretext. *See Jaudon v. Elder Health, Inc.*, 125 F. Supp. 2d 153, 169 (D. Md. 2000) (using evidence that established plaintiff's prima facie case also to corroborate plaintiff's allegations of pretext); *Philbrick v. Holder*, 583 F. App'x 478, 490 (6th Cir. 2014) (unreported) ("[T]he court may also consider evidence of pretext to buttress [the causal connection] prong of the prima facie case."); *Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013) ("A plaintiff may prove [but-for causation] by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action. From such discrepancies, a [factfinder] could conclude that the explanations were a pretext for a prohibited reason."). In other words, a factfinder could reasonably infer, from the fact that Coppin State would bother to concoct a ruse to justify rescinding Morgan's existing offer, that it did so to cover its unlawful retaliatory conduct. Whether or not those facts are borne out in discovery remains to be seen, but the allegations suffice at the motion to dismiss stage to permit Morgan's retaliation claim to proceed.

There remains a fatal flaw in Morgan's Amended Complaint as to this claim, however. Morgan cites a litany of statutes prohibiting discrimination on the basis of race and other protected classes (but not age), and one entirely irrelevant provision of the state Declaration of Rights, as the

possible bases for his retaliation claim.  *See* ECF 26 ¶ 24 ("Defendants' action of retaliation against Plaintiff was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000(e) et seq., the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, the Fifth and Fourteenth Amendments to the United States Constitution, and Article 14 of the Maryland Declaration of Rights.").  That lengthy list of purported bases includes almost everything except the one statute that, under the facts alleged, might actually be applicable:  the ADEA and its provisions prohibiting retaliation for ADEA-protected conduct.  *See* ECF 1-3 (demonstrating that the underlying protected activity was an ADEA complaint).  The retaliation claim in Count One, therefore, will be dismissed, but leave to amend will be granted to allow Morgan to eliminate the improper statutory and constitutional references and to plead his claim as an ADEA retaliation claim.

### C.  *Accardi* Doctrine

Morgan's remaining count asserts a claim under the *Accardi* doctrine, derived from *United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260 (1954).  Essentially, that doctrine provides that a due process violation can accrue in certain circumstances, where an administrative agency fails to follow its own rules, regulations, and policies guaranteeing such process.  *Id.* at 268; *Nader v. Blair*, 549 F.3d 953, 962 (4th Cir. 2008).

Morgan's *Accardi* claim here, however, fails as a matter of logic.  Initially, Coppin State has no written rule specifying whether or not a person who has been denied tenure can be hired as an adjunct.  In fact, it is the lack of any written rule on the topic that Morgan cites in support of his "ruse" contention.  Instead, the rule Morgan suggests was not followed is:

> V. RECRUITMENT AND SELECTION OF ADJUNCT FACULTY
>
>> 1. Credentials.  Each institution shall develop written standards for the academic degrees or professional certifications and professional experience required for appointment as adjunct faculty.  These standards may vary on the level of courses to be taught.

> 2. Selection Procedures. The institutional president or designee shall assure that each department or unit has in place written procedures for selecting adjunct faculty. These procedures shall include verification of credentials, and shall reflect the commitment of the institution and the University System of Maryland to equal opportunity and affirmative action.

Board of Regents Policy II-1.07 (ECF 22-2 at 19, https://www.usmd.edu/regents/bylaws/SectionII/II107.pdf). Nothing about that rule would prohibit Coppin State from maintaining the type of unwritten policy it invoked in this case. The rule requires certain written standards and hiring procedures to be developed, but does not require those standards and procedures to be exhaustive, and does not guarantee employment to any person who meets the written standards. Thus, Coppin State is entitled to weigh other considerations not listed in the written standards in making its employment decisions. Moreover, even had Morgan plausibly alleged that Coppin State had violated its own rules or policies, he would not be able to state a due process claim, as he enjoyed no constitutionally protected interest in a potential job offer. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 578 (1972). Accordingly, his claim in Count Three will be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF 27, will be GRANTED, and the Amended Complaint will be dismissed without prejudice. As a matter of judicial economy, Morgan's recently filed Motion to File Second Amended Complaint, ECF 33, will be denied without prejudice, because the proposed second amended complaint does not address the issues described herein. Morgan will be granted limited leave to amend his Complaint to reframe his Count One retaliation claim as an ADEA retaliation claim, and, if he so desires, to incorporate some of the factual allegations from the current iteration of his proposed amended

complaint. If no such amended complaint (or motion for leave to file a more inclusive amended complaint) is filed on or before January 8, 2021, the dismissal will be with prejudice, and the case will be closed. A separate Order follows.

Dated: December 29, 2020                                     /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge